## S13Y0399. IN THE MATTER OF DALE A. CALOMENI.

(743 SE2d 424)

PER CURIAM.

This disciplinary matter is before the Court on the petition of Dale A. Calomeni (State Bar No. 105311) for voluntary discipline. In his petition, Calomeni admits violations of Rules 1.2, 1.15 (I), and 5.3 (d) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), and for these violations, he agrees to accept a Review Panel reprimand.[1] The State Bar has no objection to the petition, but for the reasons that follow, we reject it.

According to the petition, Calomeni was retained to represent a client in the enforcement of a divorce decree. Calomeni successfully pursued garnishment as a remedy for his client, and he collected $17,510.28 for his client through the garnishment process. Calomeni, however, failed to notify his client that he had collected and received these funds, and he failed to put the funds into his trust account, apparently because he believed that the client owed him at least as much in fees. The client later asked Calomeni for a meeting to discuss her bill, but Calomeni declined to meet with her. Eventually, the client filed a petition for arbitration with the State Bar Fee Arbitration Program, and she was awarded a portion of the amount that Calomeni had retained as a fee, which Calomeni now has paid to her in full. Calomeni admits that this conduct amounts to a violation of Rule 1.15 (I).

The petition also shows that Calomeni employed a disbarred lawyer as a paralegal. Calomeni failed to take appropriate measures to prevent this disbarred lawyer from having direct contact and communications with his clients concerning legal matters, and Calomeni permitted the disbarred lawyer to have direct contact with more than one of his clients on numerous occasions. Calomeni admits that this conduct amounts to a violation of Rule 5.3 (d).

Finally, the petition shows that Calomeni was retained to prepare and file a lawsuit for a client, and his fee agreement was signed by the son of the client, who was directing the litigation efforts on behalf of his father pursuant to a valid power of attorney. The son asked Calomeni for the opportunity to review the lawsuit before it was filed, and he gave instructions to Calomeni concerning the identities of the persons to be named as plaintiff and defendants. Calomeni disregarded these instructions and filed a complaint that did not comport with the instructions, all without giving the son an opportunity to review it. The son then notified Calomeni that his

---

[1] The maximum punishment for a violation of each of these Rules is disbarment.

father would not proceed with the lawsuit unless it was amended, and Calomeni replied that he would require an additional fee of $7,500 to amend the complaint. The son again demanded that the pleadings be corrected, but Calomeni took no action to correct the pleadings and proceeded to prosecute the lawsuit as filed and contrary to the direction of his client. The son filed a petition for fee arbitration, but before any award was entered, Calomeni refunded the retainer in full. Calomeni admits that this conduct amounts to a violation of Rule 1.2.

In mitigation, Calomeni points out that he has no prior disciplinary record, that he reimbursed his clients in full, and that he has terminated his employment of the disbarred lawyer. The State Bar has informed us that it finds the discipline to which Calomeni has agreed is appropriate in light of these mitigating circumstances. We disagree.

The violations to which Calomeni admits in his petition concern the public trust that inheres in the office of attorney — inasmuch as the violations concern the mishandling of funds held in trust for a client, exposing clients to improper contact with disbarred lawyers, and pressing forward with lawsuits in the courts contrary to the direction of the client — and at the least, they warrant a sanction rendered in plain sight of the community in which Calomeni practices law. Moreover, this case involves multiple violations of the Rules, violations that affected more than one client. Although the mitigating circumstances might well justify a punishment less than the maximum one for these violations, we conclude that a mere Review Panel reprimand — the least severe public sanction that can be imposed under the Rules — is an insufficient sanction. Accordingly, we reject the petition for voluntary discipline.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED MAY 20, 2013.

*David S. Lipscomb*, for Calomeni.
*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.